[Cite as *State v. Lanier*, 2021-Ohio-379.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,                :

    v.                                 :

ANTHONY LANIER,                            :

    Defendant-Appellant.               :

No. 109589

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 11, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-644426-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Megan Helton, Assistant Prosecuting Attorney, *for appellee.*

Ruth R. Fishbein-Cohen, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Anthony Lanier, appeals his convictions for domestic violence and aggravated theft. Finding no merit to the appeal, we affirm.

{¶ 2} In 2019, Lanier was named in a two-count indictment charging him with domestic violence, in violation of R.C. 2919.25(A), a fourth-degree felony, and

aggravated theft, in violation of R.C. 2913.02(A)(1), a fifth-degree felony. Lanier waived his right to a jury, and the following evidence was considered during a bench trial.

{¶ 3} On August 26, 2019, Michelle Kelly, a CMHA radio dispatcher, received a 911 call from an unidentified caller stating that "this man is beating a lady." (Tr. 26.) The 911 call was played for the court. The female caller stated that she was the victim's neighbor but did not want to be identified. Kelly testified that she notified CMHA officers who then responded to the scene.

{¶ 4} Officer Noelle Roberts testified that she arrived on scene and found the victim, Ashanay Jones, with visible swelling to the right side of her face. Officer Roberts stated that the identified male suspect was no longer on scene, but that photographs were taken of the victim's face.

{¶ 5} Jones testified that she was texting on her cell phone and laughing while doing so. She stated that Lanier, who is the father of her child, grabbed her phone away from her and as she tried to get it back, Lanier punched her in the face, causing her to fall onto the floor. Jones testified that she saw Lanier leave her apartment carrying his clothes in a tote. She stated that she also saw Lanier take the license plate tags off her car, but as he ran away, the tags fell out of the tote and onto the ground.

{¶ 6} On cross-examination, Jones admitted that she was currently in county jail on felonious assault charges. When questioned about whether she told the police

that she did not want to "prosecute Lanier," she responded, "I'm not sure about that." (Tr. 72.)

{¶ 7} Lanier testified in his defense, denying that he was at Jones's apartment that evening or that he punched her. He stated that they have a tumultuous relationship and that on prior occasions she assaulted and stabbed him with a knife.

{¶ 8} The trial court found Lanier guilty of both offenses and sentenced him to one year of community control at a community-based correctional facility.

{¶ 9} Lanier appeals, raising two assignments of error.

## I.    Effective Assistance of Counsel

{¶ 10} On the day of trial during the morning session, Lanier expressed his dissatisfaction with his counsel for not obtaining the victim's phone calls in which she allegedly stated that "she never put these charges on me. Like she never did this." (Tr. 15.) He reiterated that he asked his attorney to obtain the phone calls in which the victim allegedly told him "that [Lanier] never committed these crimes." (Tr. 17.) In response, the state advised the court that it had provided defense counsel with a disc containing all of the victim's recorded phone calls, which defense counsel confirmed. When Lanier told the court that "[counsel] never told me that," defense counsel responded, "I just haven't seen them yet." (Tr. 18.)

{¶ 11} In his first assignment of error, Lanier contends that he was denied his right to effective assistance of counsel because his counsel did not review the victim's recorded phone calls prior to trial.

**{¶ 12}** To establish ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation, and that he was prejudiced by that performance. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 205, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. The failure to prove either prong of the *Strickland* two-part test makes it unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland* at 697.

**{¶ 13}** In evaluating a claim of ineffective assistance of counsel, a court must be mindful that there are countless ways for an attorney to provide effective assistance in a given case, and it must give great deference to counsel's performance. *Id.* at 689. Trial tactics and strategies do not constitute a denial of effective assistance of counsel. *State v. Gooden*, 8th Dist. Cuyahoga No. 88174, 2007-Ohio-2371, ¶ 38, citing *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980).

**{¶ 14}** In this case, the victim's recorded phone calls are not part of the appellate record. Accordingly, it is difficult for this court to determine whether the phone calls contain any exonerating or impeaching evidence.

{¶ 15} Moreover, there is no evidence in the record that counsel did not in fact review the recordings prior to trial. Although counsel indicated during the morning session of court that he had not "seen them yet," the record reflects that trial began in the afternoon session. Accordingly, counsel could have reviewed the recordings during the break. The record supports this conclusion because during cross-examination, counsel questioned the victim about whether she told police that she did not want to prosecute Lanier. This line of questioning is consistent with Lanier's assertions that during his phone calls with the victim, she indicated that "she did not put the charges" on Lanier.

{¶ 16} Finally, counsel's decision to not play the recordings or question her any further about the recorded calls could have been a matter of strategy because the recordings could have also contained information that was detrimental to Lanier's defense. Counsel's use of the recordings as a prior inconsistent statement would have allowed the state to use the recordings in their entirety. *See* Evid.R. 613. Counsel's trial strategies will not be second-guessed by a reviewing court. *State v. Adams*, 103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29, ¶ 30.

{¶ 17} Accordingly, Lanier has not demonstrated that counsel's performance fell below an objective standard of reasonable representation. Finding that the first prong of *Strickland* has not been satisfied, we need not address the second factor regarding prejudice. Accordingly, the first assignment of error is overruled.

## II.  Manifest Weight of the Evidence

{¶ 18} Lanier contends in his second assignment of error that his convictions are against the manifest weight of the evidence.

{¶ 19} The Supreme Court of Ohio has "carefully distinguished the terms 'sufficiency' and 'weight' * * *, declaring that 'manifest weight' and 'legal sufficiency' are 'both quantitatively and qualitatively different.'" *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 10, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), paragraph two of the syllabus.

{¶ 20} Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. * * * Weight is not a question of mathematics, but depends on its effect in inducing belief." *Eastley* at ¶ 12, quoting *Thompkins* at 387.  In a manifest weight analysis, this court sits as a "thirteenth juror," and reviews "'the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at *id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).  The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction.  *Thompkins* at 386.

{¶ 21} Lanier contends that his convictions are against the manifest weight of the evidence because he denied assaulting the victim or causing her injury, and

the victim's testimony was incredible. He essentially argues this is a case of "he said, she said," and that it was error to believe the victim.

{¶ 22} "If a case amounts to a 'he said, she said' dispute, [this court] will not second-guess the trier of fact's resolution of that dispute where the defendant has not set forth any corroborating evidence as to why this court should disrupt that [resolution], other than reiterating to us what 'he said.'" *State v. Taylor*, 9th Dist. Lorain No. 15CA010779, 2016-Ohio-2765, ¶ 14, quoting *State v. Martinez*, 9th Dist. Summit No. 24037, 2008-Ohio-4845, ¶ 17.

{¶ 23} Lanier has not directed this court to any evidence that would undermine the trial court's decision and demonstrate that the court lost its way in finding him guilty. The trial court heard evidence that the police arrived on scene following a 911 call where the caller said that she could hear a man assaulting a female. Upon arrival, they found the victim with a visibly swollen face. The victim testified that Lanier caused her injuries.

{¶ 24} The trial court then heard testimony from Lanier, who denied being at the victim's residence or assaulting her. He stated that he was with someone else that evening. Despite this testimony, Lanier did not file a notice of alibi or call any witnesses who corroborated his defense.

{¶ 25} Accordingly, based on our review of the testimony and evidence, we find that this case is not the exceptional case where the evidence weighs heavily against conviction and a new trial must be ordered. Lanier's second assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR